IN THE MIDDLE DISTRICT COURT OF THE 11TH JUDICIAL CIRCUIT AND FOR DUVAL COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**KiranKumarReddy Kondapalli**

    Plaintiff,

v.

**Fidelity National Information Services**

    Defendant.

Case No.:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1. PLAINTIFF, appearing *pro se*, brings this complaint for damages against DEFENDANT and alleges as follows:

### STATEMENT OF JURISDICTION

2. Jurisdiction in this Court is proper because:

   -This is an action for damages that does exceed $30,000.

   -The events giving rise to this Complaint occurred in Duval County and Defendant resides in St. Johns County. The defendant is in Duval County.

### FACTS ALLEGED

1. Plaintiff was discriminated on the job applications within Fidelity National Information Services made between Apr 2020 and Oct 2020.

2. Fidelity National Information Services (a.k.a FIS Global, the defendant) not only sabotaged plaintiff's job applications within FIS Global, it also sabotaged applications made outside of FIS Global at the below companies during the same period:

1. Google Inc
2. Wells Fargo Bank
3. Citi Bank
4. Deutsche Bank
5. Broadridge Financial Solutions
6. S&P Global

3. The Plaintiff brought the above sabotaging of applications to the attention of executive management at FIS Global via Ethics hotline on 10/28/2020. Soon afterwards, FIS Global tried to steal the evidence from the defendant's laptop as well as from mobile phone. FIS Global asked employees to complete a mandatory regulatory course that authorized FIS Global to delete files and photos from the employer sponsored phones. FIS Global also attempted to apply for a job on behalf of the Plaintiff but without the Plaintiff's knowledge at Citi Bank. An ethics complaint at Citi Bank to know where the above application may have come from didn't yield any results. During February 2021, the above application on Citi careers portal had address changed.

   The filing of this case has been particularly delayed due to obstruction of plaintiff's devices such as laptop, mobile and through other means. The documents saved with data are getting modified/may be getting modified without the plaintiff's noticing it.

4. Soon after the plaintiff's internal ethics complaint on 10/28/2020, a full-blown retaliatory approach from the plaintiff's team as well as the sister teams from Stockholm, Singapore, Pune started.

5. The defendant also harassed the plaintiff via employer sponsored laptop by remotely controlling the laptop and obstructing the work of the plaintiff even while the plaintiff was actively working on it.

6. Special software was installed to remotely control the laptop and obstruct the work, on the pretext that the software of was for a real professional purpose.

7. The plaintiff filed a charge against the defendant via EEOC under the charge # 510-2021-02463 on 05/21/2021.

8. The defendant shared a position statement with the EEOC denying the allegations.

9. The Plaintiff uploaded a Rebuttal Statement to the Defendant's position statement on 08/17/2021 as requested by the EEOC. The same is attached with the name "Rebuttal Statement to Position Statement"

10. In the meanwhile, the defendant's family was infected with COVID via defendant's son at his school. This statement is true to the best of defendant's knowledge and belief.

11. The harassment continued till November 2021. The EEOC investigator was changed during Dec 2021 as the original investigator assigned was on a long leave. The harassment continued in the meanwhile both on the work front as well as outside through vehicles, people, at grocery shops.

12. During the first week of April, the plaintiff received a call from the Mr. Robby Cedon, informing the defendant that amending the charge to include Race discrimination and Pay discrimination would take additional 45 days. The defendant wanted to proceed without the Race discrimination and Pay discrimination as the defendant was already suffering from PTSD induced by the continuous, now more than a year-long harassment. The investigator was changed back to the original investigator (to Mr. Frank Hernandez from Mr. Robby Cedon) during April/May of 2022. In the meanwhile, thousands of emails were shared with EEOC about the ongoing harassment.

13. The plaintiff was asked to go on a leave of absence on 06/03/2022 without a choice, and was terminated on 06/16/2022. On the same date of 06/16/2022, Mr. Frank Hernandez from the EEOC called the plaintiff that the EEOC charge #510-2021-02463 was being closed without finding any cause. A right to sue notice was issued. The Right to Sue notice is being attached and is named "Closure+Notice-NRTS+-+2022-06-16.510-2021-02463"

14. The plaintiff requested for the charge files via FOIA and the same was shared with the plaintiff during the last week of Jun 2022.

15. The charge file didn't indicate that a thorough investigation was done. In fact, more than 60 people were referenced in the Rebuttal statement who were directly involved in sabotaging as well as the following harassment didn't seem to have been interviewed.

16. Plaintiff's mobile phones – both personal phone as well as employer sponsored phone were under surveillance at least from the beginning of 2021

17. Plaintiff's residences, both rental and owned, were under surveillance at least from the beginning of 2021.

18. The appliances inside the house, the car, the phone, all electronic devices were bugged and were being controlled remotely.

19. PLAINTIFF started looking for a new job and believes to the best of his knowledge that his job search attempts are still being sabotaged or staged from 06/30/2022

20. PLAINTIFF joined a new employer EFICENSIT SYSTEMS LLC from 08/05/2022 where the work environment was made hostile and threatening but plaintiff has no option but endure it in the hope of finding a job.

## CLAIMS FOR RELIEF

### COUNT 1:
### UNJUST ENRICHMENT

21. Plaintiff re-alleges and incorporates all prior allegations in this Complaint as if fully set forth here.

22. Defendant's actions, as described above, have caused Plaintiff economic damages in the amount of USD 29,000,000,000 and non-economic damages in the amount of USD 1,000,000.

## COUNT 2:
## EGGREGIOUS HARASSMENT

23. Plaintiff re-alleges and incorporates all prior allegations in this Complaint as if fully set forth here.

24. Defendant's actions, as described above, have caused Plaintiff economic damages in the amount of USD 1,000,000,000 and non-economic damages in the amount of USD 1,000,000.

## PRAYER FOR RELIEF

25. WHEREFORE, Plaintiff requests the following relief:

    -A money award judgment entered against Defendant for $24.6 Billion.

    -An award of post-judgment interest on any money damages awarded at the current statutory rate.

    -Plaintiff's reasonable costs and disbursements for bringing this action.

    -Any and all other relief the Court deems just and reasonable under the circumstances.

26. Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief

Respectfully submitted on: 08/15/2022

By: KIRAN KUMAR REDDY KONDAPALLI